## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALFRED GRANT FINNEL,** | ) | |
| **a.k.a. ALFRED G. FENNELL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV 22-083-RAW-KEW** |
| | ) | |
| **CARRIE BRIDGES, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on Petitioner's motion filed on October 17, 2023.  (Dkt. 17).  Petitioner is a pro se state prisoner who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma.  On March 16, 2022, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Muskogee County District Court Case No. CF-2005-615.  (Dkt. 1).  He alleged in Ground One of the petition that Oklahoma lacked jurisdiction over his criminal case, because he has some Indian blood, and his alleged crime occurred within Indian Country.  *Id*. at 5.  In Ground Two of the petition, he claimed the state court "committed "racial-prejudicing," and his counsel was ineffective.  *Id*. at 7.  Finally, in Ground Three, Petitioner asserted the state violated the federal Speedy Trial Act.  *Id*. at 8.

On March 21, 2022, the Magistrate Judge entered an Order directing Respondent to show cause why the writ should not issue.  (Dkt. 5).  On April 19, 2022, Respondent filed a motion to dismiss the petition for Petitioner's failure to exhaust the necessary state remedies.  (Dkt. 11).  On May 2, 2022, Petitioner filed a motion to dismiss the habeas petition without prejudice, so he could exhaust his state court remedies.  (Dkt. 13).  The Court granted the motion to dismiss on January 20, 2023 (Dkt. 15), and judgment was entered (Dkt. 16).

On October 17, 2023, Petitioner filed the motion now before the Court. (Dkt. 17). The document lists the following requests: a motion for writ of prohibition, pursuant to 28 U.S.C. § 1651(a); a motion to void convictions or judgments, pursuant to Fed. R. Civ. P. 60(b)(4); objection to magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(c); motion regarding "no-finality for 1-year statute," pursuant to 28 U.S.C. § 2244(A); three motions pursuant to 28 U.S.C. § 2254 concerning "absence of corrective process," "contrary to and unreasonable application," and "burden of rebuttal;" and an apparent motion regarding "error of court," pursuant to 28 U.S.C. § 2243. *Id.* at 1. The first paragraph of Petitioner's motion states:

> Because of the error of the court, in not seeing the inferrence in the first ground in the habeas corpus form, i.e. Oklahoma State court "[s]" Lacked Jurisdiction, this court erred in not sua sponte issuing a writ of Prohibition. Petitioner hereby, according to Law of Fed. R. Civ. P. Rule 60(b)(4), challenges this courts denial for procedural bar, or the Statute of Limitations of 28 U.S.C.A. § 2244, AEDPA, because Petition could not exhaust "[ANY]" unlawful and non-existant state remedies of 28 U.S.C.S. § 2254(a)(b)(1)(A)(B)(i)(ii) . . . .

(Dkt. 17 at 1) (spelling and syntax in original).

Petitioner's "motion" is confusing, because he asserts this Court should not have denied the petition for a procedural bar or the statute of limitations, when that was not the Court's disposition. Instead, the case was voluntarily dismissed. (Dkt. 15). He reasserts that Oklahoma and the Oklahoma Court of Criminal Appeals (OCCA) have no authority to act in this case or against him because of his Indian status. (Dkt. 17 at 1). Petitioner further argues that because the OCCA could not hear his appeal, his conviction never became final, and the statute of limitations did not begin to run. *Id.* at 2-3. He then asserts that because his judgment never could become final, there is an absence of an available state corrective process. *Id.* at 3. He, therefore, concludes that the absence of corrective process rendered the judgment of this Court "void ab initio," and he requests this Court

to consider the petition on the merits. *Id*.

In the final page of his motion, petitioner reasserts that his petition is not subject to the one-year statute of limitations under 28 U.S.C. § 2244(d), and he adds that exhaustion is impossible based on his jurisdictional analysis. (Dkt. 17 at 4). Finally, he concludes that his filing is not second or successive, because it previously was unripe. *Id.*

Petitioner's motion has several attachments. The first attachment is a copy of the text of 28 U.S.C. § 2254 attributed to "Jeremy Stillwell." (Dkt. 17 at 5). This statute is followed by several pages of filings from a different case from this Court in *Hyslop v. Bridges*, No. CIV 21-045-RAW-KEW (E.D. Okla. Mar. 8, 2022). *Id*. at 6-8.

Respondent has filed an objection to Petitioner's motion, arguing it is frivolous, because "the arguments therein are irrelevant to the facts and procedural posture of this case, and it is an attempt by Petitioner to litigate the claims of another inmate." (Dkt. 18 at 1). Petitioner's motion apparently is premised on the incorrect assumption that the case was dismissed on the grounds of untimeliness or lack of exhaustion, pursuant to 28 U.S.C. § 2244(d) and § 2254(b). Further, Petitioner completely failed to acknowledge that his petition was dismissed upon his own voluntary request.

Respondent alleges Petitioner is attempting to litigate Mr. Hyslop's claims that were raised in Case No. CIV 21-045-RAW-KEW , because Mr. Hyslop's habeas petition was dismissed for untimeliness and failure to exhaust state remedies. (Dkt. 17 at 8). *See Hyslop v. Bridges*, No. CIV 21-045-RAW-DES, 2023 WL 5769340, at *2 (E.D. Okla. Aug. 17, 2023) (unpublished). Respondent further asserts Petitioner previously raised Mr. Hyslop's case in the present case. Petitioner's first unspecified motion in this case, filed on April 11, 2022, also referenced Mr. Hyslop with respect to Hyslop's Indian status (Dkt. 9 at 20), and the motion appeared to be an almost

identical reproduction of a motion filed by Mr. Hyslop on March 14, 2022, in this Court's Case No. CIV 21-045-RAW-KEW.  Petitioner has not responded to Respondent's objection to his motion.

      The Court has carefully reviewed the record and construes Petitioner's pro se pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court finds that Petitioner's October 17, 2023, motion completely fails to recognize the fact that his habeas corpus petition was dismissed at his request, and it was not found to be unexhausted or time barred.  The Court thus finds that Petitioner's motion was not filed in good faith, and it should be denied as frivolous.

      **ACCORDINGLY**, Petitioner's motion filed on October 17, 2023 (Dkt. 17) is denied as frivolous.

      **IT IS SO ORDERED** this 27th day of September 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE